United States District Court
Southern District of Texas

**ENTERED**

August 08, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.B. BLACK, a/k/a JAMES BERNARD BLACK, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | Civil Action No. H-22-3300 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate[1] proceeding *pro se* and *in forma pauperis*, filed a habeas petition under 28 U.S.C. § 2254 challenging his 2020 conviction and ten-year sentence for insurance fraud. Respondent filed a motion for summary judgment (Docket Entry No. 48), to which petitioner filed three responses and a memorandum of law (Docket Entries No. 54–57).

Having considered the petition, the motion for summary judgment, the responses, the record, matters of public record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons shown below.

---

[1]Petitioner is in temporary custody of the Harris County Sheriff's Office pending disposition of felony charges for insurance fraud and forgery of a financial instrument unrelated to the conviction and sentence being challenged herein.

## I.  BACKGROUND AND CLAIMS

A Harris County jury found petitioner guilty of insurance fraud on January 30, 2020, and the trial court imposed a ten-year sentence of confinement in the Texas Department of Criminal Justice.  The conviction was affirmed on appeal in an unpublished opinion, *Black v. State*, 2021 WL 2931350, No. 01-20-00178-CR (Tex. App. – Houston [1st Dist.] 2021, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review. Petitioner's application for state habeas relief was denied by the Texas Court of Criminal Appeals on August 3, 2022, without a written order on the findings of the trial court without a hearing and on the court's independent review of the record.

Petitioner raises the following claims for federal habeas relief in the instant proceeding:

1.  The State amended the indictment without leave of court.

2.  Trial counsel was ineffective in failing to

    a.  call defense witnesses;

    b.  object to denial of petitioner's confrontation rights; and

    c.  request a lesser-included offense jury instruction.

3.  The trial court erred by refusing to set aside the indictment as vague.

4.  Petitioner was denied his right to confront the complainant.

Respondent argues that these claims are procedurally defaulted and/or lack merit and should be dismissed.

## II.  FACTUAL BACKGROUND

The intermediate state court of appeals set forth the following statement of facts in its

opinion affirming petitioner's conviction on direct appeal:

> Black bought a 2015 Cadillac Escalade for $98,860.24.  He insured it with
> USAA and filed a claim after reporting his vehicle stolen.  Later, the
> indictment charged Black with insurance fraud:
>
> > The duly organized Grand Jury of Harris County, Texas,
> > presents in the District Court of Harris County, Texas, J.B.
> > Black, hereafter styled the Defendant, heretofore on or about
> > April 4, 2016, did then and there unlawfully, with intent to
> > defraud and deceive an insurer, and in support of a claim of
> > payment of the value of thirty thousand dollars or more, but less
> > than one hundred fifty thousand dollars, under an insurance
> > policy, present and cause to be presented a statement that the
> > Defendant knew to contain false and misleading material
> > information, namely, that the Defendant's Cadillac Escalade was
> > stolen on March 23, 2016, and said statement was presented to
> > an insurer, namely, USAA.
>
> Black moved to set aside the indictment.  He argued that the indictment's
> listing of "USAA" did not sufficiently identify the complainant.  He
> specifically argued that the indictment was "defective" because it "failed to
> allege with any specificity to whom the statement was presented and which
> USAA company they worked for."
>
> Black renewed these arguments during the pretrial hearing.  The State
> responded that the indictment complied with Section 35.02 of the Penal Code
> because it identified USAA as the insurer.  Black replied that, although the
> Section 35.02 references the Insurance Code, the Legislature repealed that
> particular section of the Insurance Code and never recodified it to update the
> reference.  The trial court denied Black's motion to set aside the indictment.
> Black pleaded not guilty to the charged offense.

At trial, Houston Police Department Deputy D. Horace testified that Black called her at 3:52 p.m. on March 18, 2016.  He reported that his Cadillac Escalade had been stolen a day earlier.  He told Deputy Horace that he knew the exact location of his vehicle and requested an officer to retrieve it.  Deputy Horace gathered more information and turned it over to the auto theft division to investigate.

Next, Harris County Sheriff's Office Deputy R. Parker testified that he responded to a call for vehicle recovery the same day.  He arrived at the address that Black had provided to Deputy Horace.  Black told Deputy Parker that he had tracked his vehicle to this location.  Black used a key fob he had in his hand to either activate the horn or start the engine.  Deputy Parker testified that he not see the vehicle in the garage, but he "heard something." Deputy Parker went to the front door of the home and knocked on the door, but no one answered.  He asked Black to return to the home later.  Deputy Parker intended to meet the homeowner and further investigate the theft.  Deputy Parker and another deputy returned to the home later on, but Black did not.

The State called K. Barbier, an investigator for USAA Insurance.  Barbier was responsible for "investigating suspicious claims."  He testified that USAA is a licensed insurer in the State of Texas.

USAA assigned Barbier as the lead investigator in Black's case.  Barbier testified that Black called USAA and added the Cadillac Escalade to his auto insurance policy at 5:41 p.m. the day he reported it stolen to the Sheriff's Office.  The policy became effective the next day.

Several weeks later, Black filed an online claim with USAA and reported that his Cadillac Escalade had been stolen on March 23, 2016.  USAA assigned the case to a claims adjuster who later spoke with Black about the claim on a recorded call.  The claims adjuster requested a police report and noticed a major discrepancy about the date:  Black reported to police that his vehicle was stolen on March 17, but he told USAA that the theft had occurred on March 23.

Barbier testified that he suspected that Black had made a false statement to USAA because Black reported his car stolen one day before he insured it and that the date of the theft is a material factor in determining coverage for an insurance claim.  He also testified that USAA did not pay his insurance claim

4

after his investigation because Black's vehicle was uninsured at the time of the reported theft.

At the charge conference, neither Black nor the State objected to the jury charge. After closing arguments, the trial court read the charge to the jury. The jury found Black guilty of insurance fraud as alleged in the indictment. After Black pleaded true to the first enhancement paragraph, the trial court assessed punishment at 10 years' confinement in the Texas Department of Criminal Justice.

*Black v. State*, 2021 WL 2931350, at *1–2.

## III. LEGAL STANDARDS

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

However, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–103 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31. This presumption of correctness extends not only to express factual findings, but also to implicit or unarticulated findings which are necessary to the state court's conclusions of mixed law and fact. *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018).

6

## IV.  AMENDED INDICTMENT

Petitioner contends that the State amended the indictment without leave of court. In rejecting this claim on collateral review, the state trial court made the following relevant findings of fact:

> 10.   The applicant's first ground for relief claims the State amended the indictment without leave of the court.
>
> 11.   The trial court finds the applicant's first ground for relief is a record claim.
>
> 12.   The trial court finds that record claims are not cognizable in habeas proceedings.
>
> 13.   The trial court finds the applicant's first ground for relief fails to allege facts that compel a legal conclusion that entitles the applicant to relief.

(Docket Entry No. 50-22, pp. 35–36, record citation omitted.)  The Texas Court of Criminal Appeals expressly relied on these findings of fact, as well as its own independent review of the record, in denying habeas relief.  (Docket Entry No. 50-8.)

The state trial court on collateral review found that petitioner should have raised this claim on direct appeal.  Consequently, the claim is procedurally defaulted and barred from consideration by this Court. *See Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007) (claims that could have been raised on direct appeal may not be raised in a post-conviction writ of habeas corpus); *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004); *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001) (applying the bar).  A petitioner can overcome a procedural bar only by demonstrating "cause for the default and actual prejudice as a result

7

of the alleged violation of federal law." *See also Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991); *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008). Petitioner fails to show good cause and prejudice to surmount the procedural bar.

Moreover, petitioner's claim does not raise an issue of federal constitutional dimension. Procedures for amending a state indictment are governed by state law, not federal law. Determinations and applications of state law are not issues for federal courts on collateral review. A federal court "do[es] not sit as a super state supreme court on a habeas corpus proceeding to review error der state law." *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983); *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007). Consequently, federal habeas relief would not be available as to petitioner's claim that the indictment was amended without leave of court.

Regardless, petitioner's claim is factually incorrect and rebutted by the state court record. A review of the record shows that the State sought, and was granted, leave to amend the indictment. (Docket Entry No. 49-1, pp. 13–14, 44–45.) Petitioner does not show that the State amended the indictment without leave of court, and his conclusory claim is unsupported in the record.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

8

## V.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Claims for ineffective assistance of counsel are governed by the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a habeas petitioner must demonstrate that his counsel's performance was deficient, and that the deficient performance resulted in prejudice.  *Id.* at 687.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a  breakdown in the adversary process that renders the result unreliable."  *Id.*

To satisfy the deficient performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  This is a highly deferential inquiry that requires "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  "It is only when the lawyer's errors were so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment that *Strickland*'s first prong is satisfied."  *Buck v. Davis*, ___U.S. ___, 137 S. Ct. 759, 775 (2017) (citation and internal quotation marks omitted).

To satisfy the prejudice prong, a habeas petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  A habeas petitioner must affirmatively prove prejudice, and cannot rely on mere speculation or conjecture.  *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).  Conclusory allegations are insufficient to demonstrate

either deficient performance or actual prejudice. *See Day v. Quarterman*, 566 F.3d 527, 540–41 (5th Cir. 2009).

Petitioner claims that trial counsel was ineffective in the following particulars:

A.     <u>Failure to Call Witnesses</u>

Petitioner complains that trial counsel failed to call Robert Stroud as a witness or call any defense witnesses to testify during the guilt/innocence phase of trial.

In rejecting this claim on collateral review, the state trial court made the following relevant findings of fact:

15.     The trial court finds the applicant fails to show that Robert Stroud was available to testify at trial.

16.     The trial court finds the applicant fails to prove that Robert Stroud's testimony would have benefitted the applicant in the primary case.

17.     The trial court finds the applicant fails to show how trial counsel's failure to call Robert Stroud to testify caused the applicant prejudice and violations of due process.

18.     The applicant fails to show trial counsel was ineffective for failing to call Robert Stroud to testify.

*          *          *          *

27.     The trial court finds the applicant fails to show trial counsel's conduct was objectively unreasonable.

28.     The trial court finds the applicant fails to show trial counsel acted deficiently.

29.   The trial court finds the applicant fails to prove the result of the proceeding would have been different, but for the alleged errors of trial counsel.

30.   The trial court finds the applicant fails to show he was prejudiced by the alleged errors of trial counsel in the primary case.

(Docket Entry No. 50-22, pp. 36–38.) The Texas Court of Criminal Appeals expressly relied on these findings of fact, as well as its own independent review of the record, in denying habeas relief.  (Docket Entry No. 50-8.)

The presentation of witness testimony is essentially a matters of strategy and within the trial counsel's domain.  *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001).  A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one.  "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."  *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citations omitted). This showing is required for both expert and lay witnesses. *Id*. Hypothetical or theoretical testimony will not justify the issuance of a writ.  *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986).

In the instant case, petitioner provides little more than his own conclusory assertions that Stroud or any other defense witness was available to testify, would have testified

favorably, and that his testimony would have changed the outcome of the trial. *Day*, 566 F.3d at 538. Consequently, he demonstrates neither deficient performance nor actual prejudice under *Strickland*. *See Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010).

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

B.    Failure to Object to Confrontation Violation

Petitioner next complains that trial counsel was ineffective in failing to object to denial of his confrontation rights when the complainant (the insurer) did not appear at trial to testify.

In rejecting this claim on collateral review, the state trial court made the following relevant findings of fact:

19.   The trial court finds the applicant fails to plead detailed facts that show why the trial court would have committed error in overruling trial counsel's absent objections.

20.   The trial court finds the applicant fails to prove trial counsel's failures to object caused the applicant prejudice and violations of due process.

21.   The trial court finds the applicant fails to prove the outcome of his case would have been different had trial counsel made the abovementioned objections.

22.   The applicant fails to prove trial counsel was ineffective for failing to make the above-mentioned objections.

12

\*   \*   \*   \*

27.     The trial court finds the applicant fails to show trial counsel's conduct
        was objectively unreasonable.

28.     The trial court finds the applicant fails to show trial counsel acted
        deficiently.

29.     The trial court finds the applicant fails to prove the result of the
        proceeding would have been different, but for the alleged errors of trial
        counsel.

30.     The trial court finds the applicant fails to show he was prejudiced by
        the alleged errors of trial counsel in the primary case.

(Docket Entry No. 50-22, pp. 36–38.) The Texas Court of Criminal Appeals expressly relied on these findings of fact, as well as its own independent review of the record, in denying habeas relief. (Docket Entry No. 50-8.)

The state court record shows that K. Barbier, an investigator for USAA Insurance, testified at trial that the complainant, USAA, was a licensed insurer in the State of Texas. He further testified that he was responsible for "investigating suspicious claims" and had been assigned by USAA as the lead investigator in petitioner's case. Barbier presented evidence as to his investigation of petitioner's insurance claim and petitioner's actions regarding the claim. *See Black*, 2021 WL 2931350, at \*1–2. Petitioner, through defense counsel, cross-examined Barbier during the guilt-innocence phase of trial.

Petitioner does not dispute that an insurer such as USAA, as with any corporate entity, must act through individuals. The record shows that Barbier appeared on behalf of USAA

13

as the lead investigator in petitioner's case and was cross-examined by defense counsel. Moreover, Barbier testified as to the online claim forms petitioner submitted to USAA, and to the discrepancies between petitioner's claim forms and statements he made to police investigators. By arguing that he was denied his right to confront USAA because "USAA failed to appear at trial," petitioner presents no argument or probative summary judgment evidence showing that a specific person failed to appear "as USAA" and that he was denied his right to confront such person. Petitioner's conclusory allegations fail to establish that counsel was objectively unreasonable in not raising a confrontation objection at trial.

Moreover, petitioner's conclusory assertions fail to demonstrate that, but for counsel's failure to raise a confrontation objection at trial, there is a reasonable probability that the result of his trial would have been different. In short, petitioner establishes neither deficient performance nor actual prejudice under *Strickland*.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

C.    <u>Lesser-Included Offense Jury Charge</u>

Petitioner claims that trial counsel was ineffective in failing to request a lesser-included offense jury charge.

In rejecting this claim on collateral review, the state trial court made the following relevant findings of fact:

23.   The trial court finds the applicant fails to plead detailed facts that show why the trial court would have committed error in denying trial counsel's request to add the lesser included offense of attempted insurance fraud to the jury charge.

24.   The trial court finds the applicant fails to prove trial counsel's failure to request the addition of the lesser included offense of attempted insurance fraud to the jury charge caused the applicant prejudice and violations of due process.

25.   The trial court finds the applicant fails to prove the outcome of his case would have been different had trial counsel requested the addition of the lesser included offense of attempted insurance fraud to the jury charge.

26.   The applicant fails to prove trial counsel was ineffective for failing to request the addition of the lesser included offense of attempted insurance fraud to the jury charge.

27.   The trial court finds the applicant fails to show trial counsel's conduct was objectively unreasonable.

28.   The trial court finds the applicant fails to show trial counsel acted deficiently.

29.   The trial court finds the applicant fails to prove the result of the proceeding would have been different, but for the alleged errors of trial counsel.

30.   The trial court finds the applicant fails to show he was prejudiced by the alleged errors of trial counsel in the primary case.

(Docket Entry No. 50-22, pp. 37–38).  The Texas Court of Criminal Appeals expressly relied on these findings of fact, as well as its own independent review of the record, in denying habeas relief.  (Docket Entry No. 50-8.)

In his responses to the motion for summary judgment, petitioner reiterates the same arguments he unsuccessfully raised on collateral review as to why he was entitled to a lesser-included offense charge.  Petitioner's conclusory assertions are unsupported in the record, and he fails to meet his burden of proof under AEDPA.  Petitioner establishes neither deficient performance nor actual prejudice under *Strickland*.

The state court denied habeas relief.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to dismissal of this claim.

## VI.  TRIAL COURT ERROR

Petitioner contends that the state trial court erred in denying his motion to set aside the indictment because the indictment was unconstitutionally vague and could not prevent future or additional prosecutions for the same offense.

Petitioner unsuccessfully raised this claim on direct appeal.  In rejecting the claim, the intermediate court of appeals held as follows:

> In his first issue, Black contends that the trial court erred by denying his motion to set aside the indictment because the indictment was vague.  He specifically contends that the indictment did not adequately notify him of the

complainant's identity and he therefore could not "prevent additional prosecutions of the same fraudulent statement should the State accuse" him of "making that same statement to other, unnamed individuals at USAA." Black also contends that he could not prepare a defense without notice of the "specific individual" at USAA to whom the representations were made.

In response, the State asserts that indictment was sufficient because it tracked the Penal Code language. See TEX. PENAL CODE § 35.02. The State further asserts that an indictment need not identify a natural person in an insurance fraud case because the insurance company is the complainant. The State also asserts that Black's claim that he could not prepare a defense lacked merit because the State provided Black with his recorded statements to USAA before trial.

\*    \*    \*    \*

A person accused of a crime is constitutionally entitled to notice of the charges against him as a matter of due process. An indictment must comply with the guidelines provided in the Texas Code of Criminal Procedure. Thus, an indictment must be "specific enough to inform the accused of the accusation against him so that he may prepare a defense." An indictment that tracks the statutory language is "ordinarily sufficient."

The accused may move to set aside a vague or indefinite indictment. The trial court may grant the motion to set aside an indictment "where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed." The trial court may, however, deny a motion to set aside an indictment if the accused received "notice of the State's theory against which he would have to defend." "[T]o prove reversible error, an appellant must show that the omission of the requested information had a deleterious impact on his ability to prepare a defense."

Section 35.02(a) of the Penal Code provides that a person commits insurance fraud if, with intent to defraud or deceive an insurer, the person, in support of a claim for payment under an insurance policy

(1)    prepares or causes to be prepared a statement that:

17

(A)    the person knows contains false or misleading material information; and

(B)    is presented to an insurer; or

(2)    presents or causes to be presented to an insurer a statement that the person knows contains false or misleading material information.

TEX. PENAL CODE § 35.02(a).

The indictment alleged that Black committed insurance fraud against the complainant, "an insurer, namely, USAA" and tracked the statutory language in Section 35.02. Black cites no legal authority that prohibits the naming of an insurer as the complainant in an indictment for insurance fraud, and we find none. While it is true that an insurer must act through individuals, an indictment for insurance fraud need not identify any particular agent or representative of the insurer. Rather, Section 35.02 merely requires the indictment to identify "an insurer," which it does.

Black contends that the term "insurer" in the indictment is vague because the legislature repealed the statute defining "insurer." Section 35.01(2) provides that " 'insurer' has the meaning assigned by Article 1.02, Insurance Code." The legislature repealed Article 1.02, and it was no longer in effect after March 31, 2009. The repealed version of Article 1.02(a) of the Insurance Code defined "insurer" as an "insurance company . . . engaged in the business of insurance in this state."

Even though the legislature did not update the referenced statute in Section 35.01(2), our primary goal is to ascertain and give effect to the legislature's intent. We review the plain language of the statute to discern its meaning because we "presume that the legislature meant what it said." And we give effect to statutes as a whole rather than their isolated provisions.

The plain language of Section 35.01(2) of the Penal Code defines "insurer" using the Insurance Code's definition. The definition of "insurer" is codified in Section 560.001 of the Insurance Code. The language in Section 560.001 mirrors the language of the former Article 1.02(a), defining "insurer" as an "insurance company . . . engaged in the business of insurance in this state."

> The record does not support Black's claim that he could not anticipate the State's evidence of the named insurer or prepare a defense. Before trial, the State provided Black with a copy of his recorded conversation with the USAA agent and filed a notice of intent to use his statements. The State also provided Black with an exhibit list that included the police report, the USAA claim file request, his USAA online application for automobile insurance, and his USAA insurance policy. When the State submitted the exhibits to the trial court, Black did not object. Along with the evidence, the State also provided Black with a witness list that included Barbier, Deputy Horace, and Deputy Parker.
>
> At trial, the State introduced a copy of Black's online application listing USAA as the insurer. Black did not object to the admission of this evidence. Nor did he object to the admission of the insurance policy listing USAA as the insurer or to the admission of his recorded conversation with the USAA agent. Black's defensive theory was that he mistakenly entered the wrong date on his online application and that the State's evidence was strewn with many errors. But he never presented evidence contesting USAA as his insurer.
>
> We therefore conclude that Black had sufficient notice of the nature of the offense alleged in the indictment and the State's theory of the case against him, including the identity of the alleged defrauded insurer.

*Black*, 2021 WL 2931350, at *2–3 (citations omitted). Although petitioner reurged the claim on collateral review, the state habeas court rejected the claim because it had been raised and denied on direct appeal and would not be considered on collateral review. (Docket Entry No. 50-22, p. 38.) The Texas Court of Criminal Appeals expressly relied on these findings of fact, as well as its own independent review of the record, in denying habeas relief. (Docket Entry No. 50-8.)

Petitioner argues here that the state court erred, because the indictment fails to name a complainant, thus potentially subjecting him to double jeopardy. (Docket Entry No. 54, p. 1.) However, the intermediate state court found that the indictment sufficiently identified the

complainant under state law. Again, this Court does not sit as a "super state supreme court" in a federal habeas proceeding to review error under state law. *Porter*, 709 F.2d at 957; *Wood*, 503 F.3d at 414. "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) ("Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue."). Petitioner's claim that the indictment failed to protect him against potential double jeopardy is conclusory and unsupported in the record or by relevant federal law.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

## VII. DENIAL OF CONFRONTATION RIGHTS

Petitioner argues that his Sixth Amendment right to confrontation was denied because the complainant—the insurer—did not appear at trial to testify.

Petitioner unsuccessfully raised this claim on direct appeal. In rejecting the claim, the intermediate court of appeals found that the claim had been waived:

> In his second issue, Black contends his Sixth Amendment right to confrontation was violated when the complainant—the insurer—did not appear at trial to testify. He acknowledges that he failed to preserve error for appeal

because he did not object on Sixth Amendment grounds.  Even so, he argues
that he did not have to object to preserve error for appeal because we may take
notice of a fundamental error affecting his substantial rights under Rule 103(e)
of the Texas Rules of Evidence. The State responds that Black failed to
preserve this issue for appeal because he did not to object to evidence based
on Confrontation Clause grounds and Confrontation Clause errors are waived
if not properly preserved for appeal.  We agree.

To preserve error for appeal, the complaining party must make a timely,
specific objection. An objection is timely if the complaining party objects at
the earliest possible opportunity or as soon as the ground of objection becomes
apparent.  The complaining party must also obtain an adverse ruling from the
trial court or object to the trial court's refuse to rule on the objection.  If the
complaining party fails to obtain an adverse ruling from the trial court, then the
complained-of error is not preserved.  The admission of evidence is generally
reviewed under the deferential abuse-of-discretion standard.

In a criminal case, a court may "take notice of a fundamental error affecting
a substantial right, even if the claim of error was not properly preserved."
There are two categories of constituting a fundamental error: (1) the denial of
absolute, systemic requirements and (2) the violation of rights that are
"waivable only."  "Absolute, systemic rights" include, among other things,
jurisdiction over the person and subject matter, a penal statute's compliance
with constitutional separation of powers, the constitutional prohibition of *ex
post facto* laws, and certain constitutional restraints on a judge's comments.
Violations of "waivable-only" rights include the right to assistance of counsel
and the right to trial by jury.  Because of their nature, those categories of
rights, systemic requirements and waivable-only rights, are not subject to the
error-preservation requirements of Appellate Rule 33.1.

The State called four witnesses during the guilt-innocence phase of the trial,
and Black did not object to their testimony based on Confrontation Clause
grounds.  Appellate complaints based on potential violations of the Sixth
Amendment are waived absent a specific objection on Confrontation Clause
grounds.  Black has provided no legal authority applying fundamental error
principles to the unobjected-to introduction of evidence at trial.  Courts have
held that a defendant's failure to object on Confrontation Clause grounds at
trial waives a Confrontation Clause complaint for appellate review.

> We therefore conclude that Black's unobjected-to issues related to a possible Confrontation Clause violation were waived and do not constitute fundamental error.

*Black*, 2021 WL 2931350, at *4–5 (citations omitted).  Although petitioner reurged the claim on collateral review, the state habeas court rejected the claim because it had been raised and denied on direct appeal and would not be considered on collateral review. (Docket Entry No. 50-22, p. 38.)  The Texas Court of Criminal Appeals expressly relied on these findings of fact, as well as its own independent review of the record, in denying habeas relief. (Docket Entry No. 50-8.)

The intermediate state court of appeals rejected petitioner's argument on direct appeal because he had failed to object to the alleged violation at the time it occurred; that is, the state court applied the "contemporaneous objection" rule.  The state habeas court rejected the claim on collateral review because the claim was denied on direct appeal.  Consequently, the claim has been procedurally defaulted and is barred from federal habeas review absent petitioner's showing of good cause and prejudice for the default. *See Scheanette v. Quarterman*, 482 F.3d 815, 823 (5th Cir. 2007) ("We have recognized a federal petitioner's failure to comply with the Texas contemporaneous-objection rule as an adequate and independent state procedural barrier to federal habeas review."). *See also Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991) (holding that a petitioner can overcome a procedural bar only by demonstrating "cause for the default and actual prejudice as a result

of the alleged violation of federal law"); *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008).

No good cause or prejudice for overcoming the procedural bar is shown. Although petitioner alleges that trial counsel was ineffective in failing to object to the purported confrontation violation, this Court denied that claim, *supra*.

The state courts denied relief on this claim. Petitioner fails to show that the state courts' determinations were contrary to, or involved an unreasonable application of, federal law or were unreasonable determinations of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

## VIII. CLERICAL ERRORS

Petitioner complains of the following "clerical errors" appearing in respondent's motion for summary judgment: (a) that petitioner was convicted of capital murder; (b) that petitioner is James Bernard Black; and (c) that petitioner was sentenced to life incarceration without parole. He further complains that respondent's proposed order granting summary judgment incorrectly identified "Jose Adolpho Castillo" as the petitioner, which he baldly contends is "prejudicial" to his rights.

The Court has considered the record as a whole and notes that petitioner was not convicted of capital murder; that he was indicted, convicted, and sentenced under the name

J.B. Black;[2] and that he was not sentenced to life incarceration without parole.  The Court further notes that "Jose Adolpho Castillo" is not the petitioner in this habeas lawsuit.

None of the errors referenced by petitioner entitles him to habeas relief or caused him any harm, and the Court has not relied on the errors in ruling on the merits of petitioner's habeas petition or respondent's motion for summary judgment.

## IX.  CONCLUSION

For the above reasons, the motion for summary judgment (Docket Entry No. 48) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**.  Any and all pending motions are **DISMISSED AS MOOT**.  A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 8th day of August, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2]Petitioner was indicted for making false statements to obtain credit under the names "James Black," "James Bernard Black," and "JB Black" in Cause No. 1556196 in the 174th District Court of Harris County, Texas, on June 22, 2017.  (Docket Entry No. 49-1, p. 114.)